UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKEY LEE CAMPBELL,<br><br>Defendant. | No.  2:13-cr-00347-TLN<br><br>**ORDER** |

On May 4, 2015, Defendant Rickey Lee Campbell ("Defendant"), a federal prisoner proceeding pro se, filed a motion with this Court seeking a reduction in his federal sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines.  (ECF No. 51.)  The United States Government filed an opposition to this motion.  (ECF No. 58.)  Defendant then filed an exhibit in support of his motion.  (ECF No. 61.)  For the following reasons, Defendant's request is hereby DENIED.

Amendment 782 generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels.  The Sentencing Commission further provided that Amendment 782 would apply retroactively to previously-sentenced defendants.  *See* U.S.S.G. §§ 1B1.10(d), (e)(1). However, Defendant pled guilty to conspiracy to traffic in counterfeit goods and drugs in

1

violation of 18 U.S.C. §§ 2320(a)(1) and (4).  (PSR ¶ 1; ECF No. 13, 36.)  The Probation Officer found that the offense level for violating 18 U.S.C. §§ 2320(a)(1) and (4) was controlled by U.S.S.G. § 2B5.3.  (PSR ¶ 19.)  Because Defendant was sentenced pursuant to U.S.S.G. § 2B5.3 and not § 2D1.1, Amendment 782 is not applicable to his guideline calculation.  Thus, the defendant's offense level remains the same as at the time of sentencing and, where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *United States v. Waters*, 648 F.3d 1114, 1117 (9th Cir. 2011).

On January 11, 2016, Defendant filed an exhibit in support of his motion, in which Defendant effectively changed the underlying basis of his motion.  (ECF No. 61.)  Instead of seeking a reduction under 18 U.S.C. § 3582(c)(2), Defendant asked the Court to reduce his sentence on the grounds that his terminal illness has prevented him from completing the 500-hour residential drug abuse treatment program and therefore prevents him from achieving early release through the program.  (ECF No. 61 at 1.)  Effectively, Defendant is asking for a reduction under 18 U.S.C. § 3582(c)(1)(A)(i), wherein a court may reduce a defendant's term of imprisonment "upon motion of the Director of the Bureau of Prisons … if it finds that extraordinary and compelling reasons warrant such a reduction…."  Here, there is no indication that Defendant has sought consideration for modification of his sentence from the Bureau of Prisons.  Until he does so, the Court cannot review his request. *Monsivais v. Fox*, No. 15-09695-R (KS), 2016 WL 768852 (C.D. Cal. Jan. 28, 2016).

For these reasons, Defendant's motion to reduce his sentence is hereby DENIED.

Dated: May 2, 2016

Troy L. Nunley
United States District Judge