UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKEY LEE CAMPBELL,<br><br>Defendant. | No.  2:13-cr-0347-TLN<br><br>**ORDER** |

On May 3, 2016, this Court issued an order informing Defendant Rickey Lee Campbell ("Defendant") that it could not consider his request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) absent a motion from the Bureau of Prisons ("BOP"). (ECF No. 63.) On May 19, 2016, Defendant responded by filing a document entitled, "Notice of Attempts of Requests to BOP." (ECF No. 64.) The filing includes attachments indicating multiple instances where Defendant was denied certain sentence reductions and placement considerations he sought from BOP. (ECF No. 64 at 2–15.) It appears from Defendant's filing that he misunderstands the Court's previous order.

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may only reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons." Here, the BOP has not asked this Court

to consider a sentence modification for Defendant. Therefore, the Court cannot grant one. Defendant has provided this Court with evidence of the BOP's determinations not to accommodate Defendant's requests. These documents cannot provide the basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

Furthermore, Defendant also appears to dispute the BOP's determination that he is ineligible for the 500-hour residential drug abuse treatment program. (ECF No. 64 at 2–7.) Under 18 U.S.C. § 3621, the BOP has discretionary authority to consider community confinement or other pre-release alternatives. *Rodriguez v. Smith*, 541 F.3d 1180, 1184 (9th Cir. 2008). There is no indication that the BOP has abused that discretion. Therefore, the Court cannot force BOP to modify its determination on this issue.

For these reasons, Defendant's request for relief is hereby DENIED.

Dated: May 24, 2016

Troy L. Nunley
United States District Judge

2